

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**RANDALL L. DUNN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1538

JoANNE SHERMAN
LAW CLERK

BELLE S. NA
LAW CLERK

KARYN A. COLE
JUDICIAL ASSISTANT

April 4, 2007

Daniel G. Hoarfrost
9600 S.W. Barnes Rd., #325
Portland, OR 97225

Michael J. Kavanaugh
5530 S.E. Center St.
Portland, OR 97206

    Re:    <u>Robert E. and Terri L. Stewart, Case No. 06-30053-rld13</u>

Counsel:

    This letter addresses the two matters that I have under advisement, specifically, the Debtors' Notice of Intent to Settle Malpractice Claim ("Malpractice Claim Settlement Notice") and the Application of Debtor's Attorney for Supplemental Compensation ("Supplemental Compensation Application"). I will address each in turn.

Malpractice Claim Settlement Notice

    The Debtors propose to settle their malpractice claim against Matthew C. Daily for a lump sum payment of $45,000. Upon payment of the agreed settlement amount, the Debtors will execute a release of claims against Mr. Daily and the Oregon State Bar Professional Liability Fund. The net settlement proceeds after payment of a 25% contingent fee to Debtors' counsel and expenses of Debtors' counsel of $206 is estimated at $33,544. The net settlement proceeds are to be paid to the chapter 13 trustee for distribution in accordance with the terms of the Debtors' confirmed chapter 13 plan.

    Pacific Coast Recovery Services, Inc. ("Pacific") does not object to the proposed settlement generally and does not object to the amount of fees requested by Debtors' counsel as unreasonable. However, Pacific does object to the contingent fee award and reimbursement of expenses being paid before payment of mortgage arrears to the first mortgage holder on the Debtors' residence. Pacific argues that if the first mortgage holder does not receive the funds from the settlement allocated to pay Debtors' attorney, Pacific's recovery from a sale or refinance

of Debtors' residence pursuant to the provisions of the Debtors' confirmed plan could be jeopardized.

The contingent fee requested from the settlement proceeds falls at the low end of contingent fee awards generally, and the expense reimbursement request by Debtors' counsel is modest. Counsel for the Debtors represented that the agreement between him and the Debtors with respect to representing them concerning their malpractice claim against Mr. Daily was made more than one year before the date of the Debtor's bankruptcy filing in this case. Consequently, there was no disclosure obligation as to the terms of employment pursuant to 11 U.S.C. § 329(a). In addition, the Malpractice Claim Settlement Notice was prepared and sent after the Debtors' chapter 13 case had been reopened and their plan confirmed, thus revesting assets in the Debtors. See 11 U.S.C. § 1327(b).

While I am sympathetic to Pacific's concerns regarding its potential recovery on sale of the Debtors' residence, in the event that a refinance is not possible by the deadline set forth in the Debtors' confirmed plan, I am not free to ignore the priorities for distribution set forth in the Bankruptcy Code. The first mortgage holder has not appeared to object to the proposed settlement because it is not getting a distribution from the settlement proceeds on adequate protection or any other grounds. In these circumstances and based on the record presented with respect to the settlement, I find the contingent fee and reimbursement of expenses allocated to Debtors' counsel from the proposed settlement to be reasonable, and I will enter an order approving the settlement as proposed by the Debtors.

Supplemental Compensation Application

Debtors' attorney has requested supplemental compensation in the amount of $17,005.00. Pacific has objected that at least a portion of the fees requested were neither reasonable nor necessary for the benefit of the Debtors' bankruptcy estate. Under § 330(a)(4)(B) of the Bankruptcy Code, the court is mandated to consider a number of factors in determining whether to approve supplemental compensation requests of debtor's counsel in chapter 13, including the amount of time spent performing legal services, the rate(s) charged, whether the services were reasonable or beneficial to completing the case considering the complexity and nature of problems addressed and tasks performed, and whether the requested compensation is reasonable based on the customary charges of comparably skilled professionals. See Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 596-97 (9th Cir. 2006).

It is somewhat difficult to evaluate the services performed by Debtors' counsel in this case because many of the entries in the itemization of time submitted by Debtors' counsel in the Supplemental Compensation Application are either terse, cryptic or both. Early in the case, Debtors' counsel spent considerable time in preparing the plan, schedules and the Statement of Financial Affairs, in contesting legitimate issues with Pacific, both in the main case and in an adversary proceeding, and in related communications with the Debtors. I generally do not find

the charges unreasonable during the early stages of the case. However, by the late summer 2006, Debtors and their counsel were committed to an unreasonable course in challenging Pacific's remaining claim, and substantial time was spent by Debtors' counsel in unnecessary and unreasonable wrangling that benefitted no one. Based on that evaluation, I am not approving a total of $2,362.50 of the compensation requested, as identified on the attached copy of the Supplemental Compensation Application, marked as Exhibit A. I am approving $14,642.50 of the supplemental fees requested.

<u>Conclusion</u>

      Based on the foregoing, I will approve the malpractice settlement proposed by the Debtors, and I will approve supplemental compensation requested by Debtors' counsel in the amount of $14,642.50. Counsel for the Debtors should submit orders consistent with this letter opinion within the next ten days.

                                        Very truly yours,

                                        RANDALL L. DUNN
                                        Bankruptcy Judge

RLD:kc
Enc.
cc:  Brian D. Lynch, Trustee